UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BAIRESDEV, LLC,
Plaintiff,
v.
GEOSPAN CORPORATION,
Defendant.

Case No. 26-cv-06193-EKL

**ORDER TO SHOW CAUSE AND STRIKING MOTION FOR DEFAULT**

Re: Dkt. Nos. 11, 13, 15

Plaintiff BairesDev, LLC filed this action against Defendant Geospan Corporation on June 22, 2026. On July 10, Plaintiff claimed to have served Geospan via its chief executive officer, Joe Brown (incorrectly referring to him as "Agent for Service of Process"), at 10089 Willow Creek Rd. Ste. 200, San Diego, CA 92131. ECF No. 11. Importantly, Plaintiff did not serve Mr. Brown directly but instead relied on substituted service on "Viviana Amador – Client Coordinator." *Id.* On August 3, this Court issued an order to re-attempt service or otherwise show cause why service was proper. ECF No. 12. On August 6, Plaintiff filed an executed summons claiming to have served Geospan via its newly registered agent, Mark T. Livingston, at 8070 La Jolla Shores Dr. #402, La Jolla, CA 92037. ECF No. 13. Once again, Plaintiff relied on substituted service, this time on "Tanya Madrano – Manager." *Id.* On August 31, Plaintiff moved for entry of default. ECF No. 15.

The address at which Plaintiff attempted to serve Mr. Brown is home to a shared workspace operated by Alliance Virtual Offices ("Alliance"). Such a workspace "presumably [has] numerous companies," and "there is no indication that" Ms. Amador "ha[s] a particular obligation or relationship to individual companies" occupying the workspace. *Bd. of Trs. of the Cement Masons Health & Welfare Tr. Fund for N. Cal. v. Mercoza*, 2025 WL 2391550, at *2

United States District Court
Northern District of California

United States District Court
Northern District of California

(N.D. Cal. Aug. 18, 2025). Therefore, as previously explained, *see* ECF No. 12, Plaintiff has not shown that the initial service attempt was proper.

As for the attempt to serve Mr. Livingston, Plaintiff offers no explanation as to who Tanya Madrano is, other than that she is a "[m]anager." ECF No. 13. Neither Plaintiff's filing nor public records clarify her relationship to Geospan or Mr. Livingston. Therefore, the attempt to serve Mr. Livingston through substituted service was similarly deficient.

Accordingly, by September 24, 2026, Plaintiff shall either attempt to re-serve Geospan and file an updated proof of service or show cause why the second attempt at service was proper. Additionally, since service has not yet been effectuated properly, Plaintiff's motion for default is STRICKEN as premature. Plaintiff shall not represent to the Clerk that default may be entered until the Court discharges its orders to show cause.

**IT IS SO ORDERED.**

Dated: September 3, 2026

Eumi K. Lee
United States District Judge